# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARBOR VIEW ASSOCIATES LP,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>REGINALD HAYWOOD,<br><br>　　　　　　　Defendant. | Case No. 16-cv-290-BAS(JLB)<br><br>**ORDER:**<br><br>**(1) REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION; AND**<br><br>**(2) TERMINATING DEFENDANT'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AS MOOT** |

 On December 16, 2015, Plaintiff Harbor View Associates LP commenced this unlawful-detainer action under California Civil Procedure Code § 1161a against Defendant Reginald Haywood in the San Diego Superior Court. On February 3, 2016, Defendant removed this action to federal court and concurrently filed a motion to proceed *in forma pauperis*. The stated basis for removal is federal-question jurisdiction, which involves a defense based on allegations of discrimination under the Fair Housing Act and 42 U.S.C. § 3604(f)(3)(A).

 For the following reasons, the Court finds Defendant's Notice of Removal is deficient and **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction.

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

//
//
//

## II. ANALYSIS

In order to invoke this Court's federal-question jurisdiction, the defendant must demonstrate that the civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Only state-court action that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "It is settled that the answer to this jurisdictional question must be determined solely from the face of the complaint unaided by the answer, petition for removal or other papers." *Farmco Stores, Inc. v. Newmark*, 315 F. Supp. 396, 397 (E.D. Cal. 1970) (citing *Gully v. F. Nat'l Bank*, 299 U.S. 109, 113 (1936); *Stauffer v. Exley*, 184 F.2d 962, 967 (9th Cir. 1950)).

There is no federal question apparent on the face of the complaint, which only asserts a simple unlawful-detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF(SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law."; *IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA(DTBx), 2010 WL 234838, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful-detainer claim).

Furthermore, there is no merit to Defendant's contention that federal-question jurisdiction exists because he "withheld rent due to Plaintiff discriminating against [him] . . . by refusing to permit[] reasonable modification of the premises necessary to afford full enjoyment of the premises" for Defendant's physical disability under the Fair Housing Act and 42 U.S.C. § 3604(f)(3)(A). (*See* Removal Notice ¶ 5.) This assertion is only contained in Defendant's removal notice, but he cannot create a federal question in his removal notice. *See Farmco Stores*, 315 F. Supp. at 397; *see also THR Cal. L.P. v. Porter*, No. CV 16-00433 RGK(RAOx), 2016 WL 335843, at *2 (C.D. Cal. Jan. 26, 2016) ("Federal question jurisdiction does not exist because there is a federal defense to the claim or a counterclaim arising under federal law.").

1  Consequently, Defendant's reliance on this potential defense based on federal law cannot serve as the basis for federal question jurisdiction.

In order to invoke the federal court's diversity jurisdiction, the defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Though Defendant does not explicitly invoke diversity jurisdiction, it is easy to determine that the jurisdictional minimum is not met because Plaintiff explicitly limits its demand for damages to no more than $10,000. (*See* Removal Notice Ex. A.) Therefore, the Court also cannot exercise diversity jurisdiction in this case.

### III. CONCLUSION & ORDER

Because Plaintiff does not assert a claim that presents a federal question as required by 28 U.S.C. § 1331, and because he fails to allege facts necessary to establish diversity jurisdiction as required by 28 U.S.C. § 1332, the Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Additionally, the Court **TERMINATES AS MOOT** Defendant's motion to proceed *in forma pauperis*. (ECF No. 2.)

IT IS SO ORDERED.

DATED: February 8, 2016

Hon. Cynthia Bashant
United States District Judge